```
LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160
E-mail:      info@glancylaw.com
```

*Attorneys for Plaintiff and
Proposed Lead Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WOZNIAK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY INC. and THOMAS M. PRESCOTT,<br><br>Defendants. | No. 09-cv-03671-MMC<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 20, 2009<br>Time: 9:00 a.m.<br>Courtroom: 7, 19th Floor<br>Honorable Maxine M. Chesney |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on November 20, 2009, at 9:00 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Maxine M. Chesney, situated at 450 Golden Gate Ave., San Francisco, California 94102, proposed lead plaintiff Charles

Wozniak (hereinafter "Movant") will move, and hereby does move, for an order (a) appointing Charles Wozniak as lead plaintiff, and (b) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class.

Movant seeks appointment as lead plaintiff and approval of lead plaintiff's choice of counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Michael Goldberg and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Charles Wozniak respectfully submits the following memorandum of points and authorities in support of his motion for appointment as lead plaintiff and approval of lead plaintiff's choice of lead counsel.

---

[1] Computed from plaintiff's August 11, 2009, notice of pendency, the 60-day period for filing motions for appointment of lead plaintiff ended Monday, October 12, 2009 – the federal observance of Columbus Day. Movant is filing the instant motion today pursuant to F.R.Civ.P. 6(a), which provides in relevant part that "in computing any period of time prescribed or allowed by these rules...[t]he last day of the period so computed shall be included, *unless it is a Saturday, a Sunday, or a legal holiday*...in which event the period runs until the end of the next day which is not one of the aforementioned days. ..." (Emphasis added.)

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I        FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II       PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III      ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

         A.      Charles Wozniak Should Be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . 4

                 1.      Charles Wozniak Filed The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

                 2.      Charles Wozniak Has The Largest
                          Financial Interest In This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                 3.      Charles Wozniak Satisfies The Requirements
                          Of Rule 23 Of The Federal Rules Of Civil Procedure . . . . . . . . . . . . . . . 6

                         a.      Charles Wozniak's Claims Are Typical . . . . . . . . . . . . . . . . . . . . 7

                         b.      Charles Wozniak Is An Adequate Representative   . . . . . . . . . . . 8

                 4.      Charles Wozniak Is Presumptively
                          The Most Adequate Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

         B.      The Court Should Approve Lead Plaintiff's Choice Of Counsel . . . . . . . . . . . . 10

IV      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

i

# TABLE OF AUTHORITIES

## CASES

*Berger v. Compaq Computer Corp.*,
   257 F.3d 475 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*City of Harper Woods Employees Retirement System v. AXT, Inc.*,
   2005 WL 318813 (N.D. Cal. Feb. 7, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ferrari v. Impath, Inc.*,
   2004 WL 1637053 (S.D.N.Y. July 20, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 10

*In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
   693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Surebeam Corp. Securities Litigation,* Slip Copy,
   2004 WL 5159061 (S.D.Cal. Jan. 5, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Naiditch v. Applied Micro Circuits*,
   2001 WL 1659115 (S.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Richardson v. TVIA, Inc.*, Slip Copy,
   2007 WL 1129344 (N.D.Cal. April 16, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Takeda v. Turbodyne Techs. Inc.*,
   67 F. Supp. 2d. 1129 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wenderhold v. Cylink Corp.*,
   188 F.R.D. 577 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

ii

## **STATUTES AND MISCELLANEOUS**

The Private Securities Litigation Reform Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. §§ 78u-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. Rule of Civil Procedure 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

iii

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the common stock of Align Technology Inc. ("Align" or the "Company") between January 30, 2007 and October 24, 2007, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants are the Company and its chief executive officer.

Defendant Align Technology Inc. designs, manufactures and markets the Invisalign system, a proprietary method for treating malocclusion – the misalignment of teeth. Invisalign corrects malocclusion using a series of clear, nearly invisible, removable appliances that gently move teeth to a desired final position. Align received FDA clearance to market Invisalign in 1998.

The Complaint alleges that throughout the Class Period Defendants knew or recklessly disregarded that their public statements concerning Align's business, operations and prospects were materially false and misleading. Specifically, Defendants failed to disclose or indicate that the Company had shifted the focus of its sales force to clearing backlog, causing a significant decrease in the number of new case starts. Consequently, Defendants' misleading statements and omission of materially adverse information rendered their Class Period statements concerning the Company's business, operations and financial prospects materially false and misleading at all relevant times.

On October 24, 2007, Align held a conference call with analysts to discuss the Company's third quarter 2007 financial results. During the conference call, the Company shocked the market when certain of its executive officers acknowledged that, in an effort to clear prior backlog, "we did not focus enough effort on filling the pipeline for new case starts," and

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

3

the Company had to refocus its field and channel marketing teams to generate case growth.

The next day, as a result of the foregoing news, shares of Align declined more than 33%, or $9.63 per share, to close on October 25, 2007, at $19.07 per share, on unusually heavy volume of more than 12 million shares traded.

As a result of Defendants' wrongful acts and omissions concerning the Company's business, operations and prospects, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II.     PROCEDURAL HISTORY

Plaintiff commenced the above-captioned action on August 11, 2009, and on that day counsel for Plaintiff published a notice of the pendency of Plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service.  *See* Declaration of Michael Goldberg In Support of Motion of Charles Wozniak for Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel (the "Goldberg Declaration") at Exhibit A.

Movant brings the instant motion pursuant to his complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the August 11, 2009 notice.

## III.    ARGUMENT

### A.     Charles Wozniak Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

4

the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa)  has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Movant Charles Wozniak satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate Lead plaintiff for the Class.

**1.  Charles Wozniak Filed the Complaint**

Plaintiff commenced the instant action on August 11, 2009, and on that day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for Plaintiff published a notice of pendency of Plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Align securities that they had until October 13, 2009, to file a motion to be appointed as lead plaintiff. Charles Wozniak files the instant motion pursuant to his complaint, and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant has already demonstrated a high level of interest in this litigation by filing the Complaint in the instant action and communicating with counsel regarding

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

5

the status and facts of the case. Charles Wozniak therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Charles Wozniak Has The Requisite Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001).

During the Class Period, Charles Wozniak purchased shares of Align at prices alleged to be artificially inflated by Defendants' materially false and misleading statements and omissions, and as result, Movant has suffered financial losses as a result of his investments in Align stock. *See* Goldberg Declaration, Exhibit C.

Movant is not aware of any other Class member that has filed an action on behalf of this or a similar proposed class or filed an application for appointment as lead plaintiff. Consequently, Movant believes that he has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Charles Wozniak thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

### 3. Charles Wozniak Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

6

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Surebeam Corp. Securities Litigation,* Slip Copy, 2004 WL 5159061, *5 (S.D.Cal. Jan. 5, 2004)("At this stage, the district court is to rely on the presumptive lead plaintiff's complaint and sworn certification.")(citing *In re Cavanaugh,* 306 F.3d at 731). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc.,* 2005 WL 318813, *3 (N.D. Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23"); *In re Cavanaugh*, 306 F.3d at 730; *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(citations omitted).

### a.  Charles Wozniak's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

7

F.2d 497, 508 (9th Cir.1992); *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Charles Wozniak's claims are typical of the claims asserted by the Class. Charles Wozniak, like all members of the Class, alleges that Defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Align's business and prospects. Charles Wozniak, like all of the members of the Class, purchased Align shares during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. The claims of Charles Wozniak are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b. Charles Wozniak Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp. 2d 1129, 1133 (C.D. Cal. 1999) (*citing In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. III 1986).

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

8

Charles Wozniak has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is "'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.'" *Berger,* 257 F.3d at 479.  Movant has communicated with experienced counsel concerning this case and has made this motion to be appointed lead plaintiff.   Movant is not aware of any antagonism between his interests and those of other Class members. Movant also has sustained financial losses from his investments in Align securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C.

**4.      Charles Wozniak Is Presumptively The Most Adequate Lead Plaintiff**

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Charles Wozniak is the most adequate lead plaintiff is not, therefore, subject to rebuttal.  Movant believes that he has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff.  The ability of Movant to fairly and adequately represent the Class is discussed above.  Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class.  Moreover, Movant has selected and retained competent and

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

9

experienced counsel to represent him and the Class. *See Richardson v. TVIA, Inc.* Slip Copy, 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation"). Accordingly, Charles Wozniak should be appointed lead plaintiff for the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest" of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as Plaintiff's lead counsel, in the event he is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's resumé attached to the Goldberg Declaration as Exhibit D.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an order (a) appointing Charles Wozniak as lead plaintiff and (b) approving his selection of Glancy Binkow & Goldberg LLP as lead counsel, and granting such other relief as the Court may deem just and proper.

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

10

Dated: October 13, 2009 Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By:     /s/ ***Michael Goldberg***
       Lionel Z. Glancy
       Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:    (310) 201-9160

*Attorneys for Plaintiff and*
*Proposed Lead Counsel*

No. 09-cv-03671-MMC
NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

11

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On October 13, 2009, I caused to be served the following document(s):

1. **NOTICE OF MOTION AND MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

2. **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

3. **[PROPOSED] ORDER GRANTING MOTION OF CHARLES WOZNIAK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting this document to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the following parties:

**No known ECF-Registered Parties**

and, upon all others not so-registered but instead listed below:

**By US Mail To All Known Non-ECF-Registered Entities**:

Howard G. Smith
Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

CERTIFICATE OF SERVICE

ECF POS Sasha.wpd　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

**By Personal Service To All Known Non-ECF-Registered Entities**:

Align Technology Inc.
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904
Telephone: (302)674-4089

Thomas M. Prescott
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904
Telephone: (302)674-4089

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 13, 2009, at Los Angeles, California.

                                        */s/Michael Goldberg*
                                        Michael Goldberg