| | |
|---|---|
| 1 | COUGHLIN STOIA GELLER |
|  |   RUDMAN & ROBBINS LLP |
| 2 | DARREN J. ROBBINS (168593) |
|  | BRIAN O'MARA (229737) |
| 3 | 655 West Broadway, Suite 1900 |
|  | San Diego, CA  92101 |
| 4 | Telephone:  619/231-1058 |
|  | 619/231-7423 (fax) |
| 5 | darrenr@csgrr.com |
|  | bomara@csgrr.com |
| 6 |      – and – |
|  | WILLOW E. RADCLIFFE (200087) |
| 7 | 100 Pine Street, Suite 2600 |
|  | San Francisco, CA  94111 |
| 8 | Telephone:  415/288-4545 |
|  | 415/288-4534 (fax) |
| 9 | willowr@csgrr.com |
| 10 | [Proposed] Lead Counsel for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WOZNIAK, Individually and on Behalf of All Others Similarly Situated, | ) No. 3:09-cv-03671-MMC |
| | ) |
| | ) <u>CLASS ACTION</u> |
| Plaintiff, | ) |
| | ) PLUMBERS AND PIPEFITTERS |
| vs. | ) NATIONAL PENSION FUND'S NOTICE |
| | ) OF MOTION AND MOTION FOR |
| ALIGN TECHNOLOGY INC., et al., | ) APPOINTMENT OF LEAD PLAINTIFF |
| | ) AND APPROVAL OF SELECTION OF |
| Defendants. | ) COUNSEL; MEMORANDUM OF POINTS |
| | ) AND AUTHORITIES IN SUPPORT |
| | ) THEREOF |

DATE: November 20, 2009
TIME: 9:00 a.m.
CTRM: 7
JUDGE: Hon. Maxine M. Chesney

**TABLE OF CONTENTS**

Page

I. STATEMENT OF ISSUES TO BE DECIDED ...................................................................1

II. SUMMARY OF THE ACTION ........................................................................................2

III. ARGUMENT .....................................................................................................................3

    A. Plumbers and Pipefitters Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff ...................................................................................3

        1. Plumbers and Pipefitters' Motion Is Timely..............................................3

        2. Plumbers and Pipefitters Possesses the Largest Financial Interest in the Relief Sought by the Class ...................................................................4

        3. Plumbers and Pipefitters Meets Rule 23's Requirements............................4

    B. This Court Should Approve Plumbers and Pipefitters' Selection of Counsel ..............................................................................................................5

IV. CONCLUSION..................................................................................................................6

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, November 20, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7, 19th Floor, of the Honorable Maxine M. Chesney, Plumbers and Pipefitters National Pension Fund ("Plumbers and Pipefitters" or "Movant") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing Plumbers and Pipefitters as lead plaintiff; and (2) approving lead plaintiff's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel. This Motion is made on the grounds that Plumbers and Pipefitters is the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, Plumbers and Pipefitters submits herewith a Memorandum of Points and Authorities and the Declaration of Brian O. O'Mara ("O'Mara Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this district is a securities class action lawsuits brought on behalf of all persons who purchased or otherwise acquired the common stock of Align Technology, Inc. ("Align" or the "Company") between January 30, 2007 and October 24, 2007 (the "Class Period") asserting claims pursuant to the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers of Align common stock during the Class Period (the "Class"). This action is brought pursuant to §§10(b) and 20(a) of the Exchange Act, Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the member of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, Plumbers and Pipefitters should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation

of any person or group of persons of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* O'Mara Decl., Ex. A.

In addition, Plumbers and Pipefitters' selection of Coughlin Stoia to serve as lead counsel should be approved because it possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.  SUMMARY OF THE ACTION

Align designs, manufactures, and markets the Invisalign system for treating malocclusion or the misalignment of teeth. Invisalign utilizes a series of nearly invisible, removable appliances that gently move teeth to a desired final position.

Throughout the Class Period defendants knew or recklessly disregarded that their public statements concerning Align's business, operations and prospects were materially false and misleading. Specifically, during the Class Period defendants failed to disclose or otherwise indicate that the Company had shifted the focus of its sales force to clearing backlog, causing a significant decrease in the number of new case starts. Consequently, defendants' misleading statements and omission of materially adverse information rendered their Class Period statements concerning the Company's business, operations and financial prospects materially false and misleading.

On October 24, 2007, Align held a conference call with analysts to discuss the Company's third quarter 2007 financial results which were announced that same day. During the conference call, Align shocked the market when several of its executive officers disclosed that, among other things, in an effort to clear prior backlog, "we did not focus enough effort on filling the pipeline for new case starts," and the Company had to refocus its field and channel marketing teams to generate new case growth.

In response to this news, the price of Align common stock fell $9.63 per share, or approximately 34%, to close at $19.07 per share, on unusually heavy trading volume.

## III. ARGUMENT

### A. Plumbers and Pipefitters Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on August 11, 2009, on *Business Wire* in connection with the filing of the first-filed action. *See* O'Mara Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Plumbers and Pipefitters meets each of these requirements and should therefore be appointed lead plaintiff.

#### 1. Plumbers and Pipefitters' Motion Is Timely

Plumbers and Pipefitters has timely filed this Motion within 60 days of the August 11, 2009 notice publication, and has also duly signed and filed its certification evidencing, among other things, its willingness to serve as a representative party on behalf of the Class. *See* O'Mara Decl., Ex. A. Accordingly, Plumbers and Pipefitters has satisfied the individual requirements of 15 U.S.C.

1  §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by
2  the Court.

### 2. Plumbers and Pipefitters Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Plumbers and Pipefitters expended $4.8 million purchasing Align common stock and lost over $1.5 million due to defendants' conduct. *See* O'Mara Decl., Exs. A and B; *see also Cavanaugh*, 306 F.3d at 732. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Plumbers and Pipefitters satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. Plumbers and Pipefitters Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, Plumbers and Pipefitters – a large institutional investor – satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and

1  class interests and the representative's attorneys are qualified, experienced and generally able to
2  conduct the litigation. *Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal.
3  2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

4        Here, Plumbers and Pipefitters meets the typicality and adequacy requirements because, like
5  all other members of the purported Class, it purchased Align common stock during the Class Period
6  in reliance upon defendants' false and misleading statements and suffered damages thereby.
7  Because Plumbers and Pipefitters' claims are premised on the same legal and remedial theories and
8  are based on the same types of alleged misrepresentations and omissions as the Class's claims,
9  typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal.
10 2004).  Additionally, Plumbers and Pipefitters is not subject to any unique defenses and there is no
11 evidence of any conflicts between Plumbers and Pipefitters and the other class members.

12       Plumbers and Pipefitters therefore satisfies the *prima facie* showing of the typicality and
13 adequacy requirements of Rule 23 for purposes of this Motion.

14     **B.**    **This Court Should Approve Plumbers and Pipefitters' Selection of Counsel**
15

16       The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to
17 this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Courts should not disturb the lead
18 plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C.
19 §78u-4(a)(3)(B)(iii)(II)(aa).

20       Here, Plumbers and Pipefitters has selected Coughlin Stoia as lead counsel for the Class.
21 Coughlin Stoia is a 190-lawyer law firm that is actively engaged in complex litigation, emphasizing
22 securities, consumer, and antitrust class actions.  Coughlin Stoia possesses extensive experience
23 litigating securities class actions and has successfully prosecuted numerous securities fraud class
24 actions on behalf of injured investors, including *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D.
25 298, 308 (S.D. Ohio 2005) ("the Court finds that [Coughlin Stoia] will represent deftly the class's
26 interests") and *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002).  The firm's
27 securities department includes numerous trial attorneys and many former federal and state
28 prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex

1  securities issues.  *See* O'Mara Decl., Ex. D.  Thus, the Court may be assured that in the event this
2  Motion is granted, the members of the Class will receive the highest caliber of legal representation
3  available from Coughlin Stoia as lead counsel.  Because Plumbers and Pipefitters has selected and
4  retained counsel experienced in litigating securities fraud class actions with the resources to
5  prosecute this action to the greatest recovery possible for the Class, its choice of Coughlin Stoia
6  should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Plumbers and Pipefitters respectfully requests that the Court: (1) appoint Plumbers and Pipefitters as Lead Plaintiff; and (2) approve Plumbers and Pipefitters' selection of Coughlin Stoia as Lead Counsel for the Class.

DATED:  October 13, 2009                    Respectfully submitted,

                                  COUGHLIN STOIA GELLER
                                    RUDMAN & ROBBINS LLP
                                DARREN J. ROBBINS
                                BRIAN O. O'MARA

                                       s/ BRIAN O. O'MARA
                                  BRIAN O. O'MARA

                                655 West Broadway, Suite 1900
                                San Diego, CA  92101
                                Telephone:  619/231-1058
                                619/231-7423 (fax)

                                COUGHLIN STOIA GELLER
                                    RUDMAN & ROBBINS LLP
                                WILLOW E. RADCLIFFE
                                100 Pine Street, Suite 2600
                                San Francisco, CA  94111
                                Telephone:  415/288-4545
                                415/288-4534 (fax)

                                [Proposed] Lead Counsel for Plaintiff

Document1

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 13, 2009.

 s/ BRIAN O. O'MARA
BRIAN O. O'MARA

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  bomara@csgrr.com

# Mailing Information for a Case 3:09-cv-03671-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  info@glancylaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)