IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WOZNIAK, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br>　v.<br>ALIGN TECHNOLOGY INC., et al.,<br>　　　　　　Defendants | No. C-09-03671 MMC<br><br>**ORDER GRANTING MOTION TO APPOINT PPNPF AS LEAD PLAINTIFF; DENYING MOTION TO APPOINT CHARLES WOZNIAK AS LEAD PLAINTIFF; APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL; DIRECTIONS TO PARTIES** |

　　　　Before the Court are two motions, each filed October 13, 2009, and each seeking an order appointing the movant as lead plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i). The two movants are Charles Wozniak ("Wozniak") and the Plumbers and Pipefitters National Pension Fund ("PPNPF"). Also before the Court are PPNFP's memorandum, filed October 30, 2009, by which it opposes the motion filed by Wozniak, and its reply, filed November 6, 2009, noting, correctly, the absence of an opposition or other response to its motion. Having read and considered the above-referenced filings, the Court deems the matters suitable for decision thereon, VACATES the hearing scheduled for November 20, 2009, and rules as follows:

　　　　1. Because PPNPF has shown it has "the largest financial interest in the relief sought" and has made the requisite preliminary showing that it can "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure," the Court finds PPNPF is

the presumptively "most adequate plaintiff." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Neither Wozniak, nor any other class member, has offered any evidence to rebut the presumption.  Accordingly, PPNPF's motion for appointment as lead plaintiff is hereby GRANTED, and Wozniak's motion for appointment is hereby DENIED.

      2.  Once a lead plaintiff is selected, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  See 15 U.S.C. § 78u-4(a)(3)(B)(v).  PPNPF has selected as counsel to represent the class the law firm of Coughlin Stoia Geller Rudman & Robbins LLP.  Having reviewed the selected firm's resume (see O'Mara Decl. Press Decl. Ex. D), the Court, given the selected firm's experience with respect to class action securities litigation and other litigation, finds good cause exists to approve the selection.  Accordingly, PPNPF's selection of Coughlin Stoia Geller Rudman & Robbins LLP as counsel for the class is hereby APPROVED.

      3.  The Court's order of October 30, 2009 provides:  "After the appointment of a Lead Plaintiff and Lead Counsel, defendants and Lead Counsel shall meet and confer to determine a schedule for the filing of an amended complaint, and defendants' response thereto.  The parties will file a stipulated schedule for approval by the Court."  (See Order Extending Time to Respond and Continuing Case Management Conference, filed October 30, 2009, ¶ 2.)  Accordingly, the parties are hereby DIRECTED to so meet and confer and to submit a stipulated schedule no later than December 4, 2009.

**IT IS SO ORDERED.**

Dated:  November 13, 2009

_____
MAXINE M. CHESNEY
United States District Judge